PEOPLE v VANCIL

Docket No. 120630. Submitted November 20, 1990, at Lansing. De-
cided January 2, 1991, at 9:10 A.M.

Teddi Jo Vancil pled guilty in the Oakland Circuit Court, Edward
Sosnick, J., of delivery of less than fifty grams of cocaine and
was sentenced to life probation. She subsequently was found
guilty of violating her probation and was sentenced to a term of
six months to twenty years' incarceration. The people appealed
from the sentence as of right.

The Court of Appeals *held:*

The sentence imposed for a probation violation must be in
accordance with the permissible sentence for the underlying
offense itself. The court may depart from the minimum term
only if it finds on the record that there are substantial and
compelling reasons to do so. In this case, the trial court did not
state substantial and compelling reasons for departing from the
one-year minimum sentence mandated for the underlying of-
fense, requiring vacation of the sentence and remand for resen-
tencing.

Vacated and remanded for resentencing.

*Frank J. Kelley,* Attorney General, *Gay Secor
Hardy,* Solicitor General, *Robert C. Williams,*
Chief, Appellate Division, and *Graham K. Crab-
tree,* Assistant Prosecuting Attorney, for the peo-
ple.

*James A. Carlin,* for the defendant on appeal.

Before: MacKenzie, P.J., and McDonald and
Murphy, JJ.

Per Curiam. On February 16, 1989, defendant
pled guilty of delivery of less than fifty grams of
cocaine, MCL 333.7401(2)(a)(iv); MSA 14.15(7401)(2)
(a)(iv), and was sentenced to life probation. Follow-

ing a hearing on July 13, 1989, she was found guilty of violating her probation and sentenced to a term of six months to twenty years' incarceration. The people appeal this sentence as of right. We vacate defendant's sentence and remand for resentencing.

Effective March 30, 1988, the people may appeal as of right the sentence of a criminal defendant. MCL 770.12; MSA 28.1109; *People v Reynolds,* 181 Mich App 185; 448 NW2d 774 (1989).

MCL 771.4; MSA 28.1134 provides that when probation is revoked "the court may proceed to sentence the probationer in the same manner and to the same penalty as the court might have done if the probation order had never been made." Thus, the sentence imposed upon a probation violation must be in accordance with the permissible sentence for the underlying offense itself. *People v Maxson,* 163 Mich App 467, 470; 415 NW2d 247 (1987).

The underlying offense in this case, MCL 333.7401(2)(a)(iv); MSA 14.15(7401)(2)(a)(iv), makes delivery of less than fifty grams of cocaine punishable by imprisonment for not less than one year nor more than twenty years and a fine of not more than $25,000 or placement on probation for life. Pursuant to MCL 333.7401(4); MSA 14.15(7401)(4), the court may depart from the minimum term only if it finds on the record that there are substantial and compelling reasons to do so.

In this case, the trial court did not state substantial and compelling reasons for departing from the one-year minimum sentence set forth at MCL 333.7401(2)(a)(iv); MSA 14.15(7401)(2)(a)(iv). We therefore vacate defendant's sentence and remand for resentencing. On remand, the court shall either sentence as mandated by MCL 333.7401(2)(a)(iv); MSA 14.15(7401)(2)(a)(iv) or state on the record

substantial and compelling reasons for departure from the statute's minimum term.

Vacated and remanded for further proceedings consistent with this opinion. We retain no further jurisdiction.