PEOPLE v POPPA

Docket No. 119175. Submitted February 4, 1992, at Detroit. Decided March 2, 1992, at 9:30 A.M.

John W. Poppa was convicted following a bench trial in the Detroit Recorder's Court, Leonard Townsend, J., of delivery of more than 225 grams, but less than 650 grams, of cocaine. He was sentenced to ten to thirty years' imprisonment, the statutory minimum term. He appealed.

The Court of Appeals *held:*

1. The trial court did not believe that there were substantial and compelling reasons to depart from the statutory minimum sentence, and the sentence was proportionate to both the defendant and the offense committed. The court did not abuse its discretion in imposing the sentence.

2. The defendant's cooperation with the police after his arrest did not entitle him automatically to a sentence less than the statutory minimum.

3. The trial court was aware of the statutory minimum sentence and sentenced the defendant in reliance upon it. The trial court's reliance on the statutory minimum sentence, which is presumptively appropriate, was sufficient explanation for the sentence imposed.

Affirmed.

1. Controlled Substances — Sentences — Mandatory Minimum Sentences — Departure.

Trial courts may depart from the mandatory minimum sentence in controlled substances cases for substantial and compelling reasons that are objective and verifiable and are permitted to consider pre- and postarrest factors in making the determination; objective and verifiable factors are those actions or occurrences that are external to the minds of the judge, the defendant, and others involved in making the decision and are

References

Am Jur 2d, Criminal Law §§ 598, 599; Drugs, Narcotics, and Poisons § 48.

See the Index to Annotations under Drugs and Narcotics; Mitigation or Aggravation of Punishment; Sentence and Punishment.

capable of being independently confirmed (MCL 333.7401[4]; MSA 14.15[7401][4]).

2. CONTROLLED SUBSTANCES — SENTENCES — COOPERATION WITH AUTHORITIES — MANDATORY MINIMUM SENTENCES.

A defendant's cooperation with the police after arrest on controlled substances charges does not entitle the defendant automatically to a sentence less than the statutory minimum.

3. CRIMINAL LAW — SENTENCES — MANDATORY MINIMUM SENTENCES.

A sentence imposed in accordance with the statutory minimum sentence is presumptively appropriate, and a trial court's reliance on the statutory minimum is sufficient explanation of the court's reasons for the sentence imposed.

*Frank J. Kelley,* Attorney General, *Gay Secor Hardy,* Solicitor General, *John D. O'Hair,* Prosecuting Attorney, and *Timothy A. Baughman,* Chief of Research, Training, and Appeals.

*Faintuck, Shwedel & Wolfram* (by *William G. Wolfram*), for the defendant.

Before: WAHLS, P.J., and JANSEN and T. G. KAVANAGH,* JJ.

T. G. KAVANAGH, J. On August 24, 1988, defendant sold nearly two kilograms of cocaine to an undercover police officer in a hotel room and was arrested immediately after completing the transaction. Defendant was charged with delivery of more than 650 grams of cocaine, MCL 333.7401(2)(a)(i); MSA 14.15(7401)(2)(a)(i), and conspiracy to deliver cocaine, MCL 750.157a; MSA 28.354(1). After his arrest, defendant willingly cooperated with law enforcement officials, testifying against his supplier of cocaine and helping the prosecutor to secure a conviction. Following a bench trial before the Honorable Leonard Townsend of the Detroit

---

* Former Supreme Court justice, sitting on the Court of Appeals by assignment.

Recorder's Court, defendant was convicted of the lesser included offense of delivery of more than 225 grams, but less than 650 grams, of cocaine, MCL 333.7401(2)(a)(ii); MSA 14.15(7401)(2)(a)(ii), and acquitted of the conspiracy charge.

On May 25, 1989, defendant was sentenced. During allocution, defendant emphasized his cooperation with law enforcement officials. Members of the police department and the prosecutor's office also testified about defendant's cooperation. Defendant's attorney suggested that defendant's problems were a result of the new-found freedoms that had resulted from his emigration from Romania to the United States and asserted that defendant's cooperation with law enforcement officials provided compelling circumstances to depart from the minimum sentence in the statute.

The following colloquy then ensued:

> *The Court:* I believe that it's a statutory limit for the 225 grams to 650 grams, there is 20 to 30 [years]. Is that right? All right. There are substantial and compelling reasons . . .
>
> *Mr. Bernier [the prosecutor]:* It is 10 to 30, but the Court could give 20 to 30 if it wanted.
>
> *The Court:* In other words, I could make it 20 to 30, if you wanted.
>
> *The Court:* On the first case of 50 to 225, the Court will sentence Mr. Poppa to serve a minimum of 5 to 20,[1] and on the delivery of 225 to 650, the Court will sentence him to serve 10 to 30, which will run concurrently to the first case. Both cases are to run concurrent to each other.

Defendant appeals as of right, alleging first that the trial court's failure to depart below the statu-

[1] Following his conviction in this matter, defendant also pleaded guilty of delivery of 50 grams or more, but less than 225 grams, of cocaine, MCL 333.7401(2)(a)(iii); MSA 14.15(7401)(2)(a)(iii). The latter conviction and sentence are not subjects of this appeal.

tory minimum in imposing sentence constituted an abuse of discretion. More specifically, defendant argues that the trial court found "substantial and compelling reasons" to depart from the statutory minimum sentence, but failed to sentence accordingly, and that the trial court did not properly consider his cooperation with the police. We find neither argument persuasive.

A trial court enjoys broad discretion in imposing sentence so that it can tailor each sentence to the circumstances of the case, the particular characteristics of the defendant, and the interests of society in rehabilitating the defendant and deterring others from committing similar offenses. However, this exercise of discretion is not unfettered. *People v Adams,* 430 Mich 679, 686-687; 425 NW2d 437 (1988). A sentence must "be proportionate to the seriousness of the circumstances surrounding the offense and the offender." *People v Milbourn,* 435 Mich 630, 636; 461 NW2d 1 (1990). Where the sentence is not proportionate, the sentencing court has abused its discretion; appellate review of sentencing decisions by the trial court is limited to determining whether an abuse of discretion has occurred. *Id.; People v Coles,* 417 Mich 523, 550; 339 NW2d 440 (1983), overruled in part on other grounds in *People v Milbourn, supra.*

MCL 333.7401(2)(a)(ii); MSA 14.15(7401)(2)(a)(ii), at the time defendant was sentenced, provided for a statutory minimum term of ten to thirty years for each conviction. Before the enactment of 1987 PA 275, which became effective on March 30, 1988, the minimum term was twenty to thirty years; similarly, following the enactment of 1989 PA 143, which became effective on September 28, 1989, the minimum term was again twenty to thirty years. These statutorily mandated minimum terms have been characterized by panels of this Court as

requiring the sentencing court to exercise its discretion with the presumption that the statutory minimum is an appropriate sentence. *People v Krause,* 185 Mich App 353, 358-359; 460 NW2d 900 (1990); *People v Downey,* 183 Mich App 405, 413; 454 NW2d 235 (1990).

However, the statutory minimum does not completely preclude an exercise of the trial court's discretion. Pursuant to MCL 333.7401(4); MSA 14.15(7401)(4), a sentencing court is granted discretion to depart from the minimum term "if the court finds on the record that there are substantial and compelling reasons to do so." The prior conflict in this Court over what constitutes such compelling and substantial factors has been resolved in accordance with Administrative Order No. 1990-6, 436 Mich lxxxiv, by this Court's decision in *People v Windall Hill,* 192 Mich App 102; 480 NW2d 913 (1991). In *Windall Hill,* the majority of a special panel of members of this Court found that a trial court may depart from the mandatory minimum sentences for factors that are objective and verifiable, whether they occur before or after arrest. *Id.* at 105. Objective and verifiable factors are those "actions or occurrences which are external to the minds of the judge, defendant and others involved in making the decision" that are capable of being independently confirmed. *Krause, supra* at 358.

The trial court stated that there were substantial and compelling reasons to depart from the mandatory sentence when it believed that the statutory minimum was twenty to thirty years, not ten to thirty years. Given the history of this section, with its multiple amendments, it is not surprising that the trial court was confused about the actual minimum sentence mandated by the statute. When corrected by the prosecutor, the

trial court did not reassert its belief that there
were substantial and compelling reasons to depart
from the statutory minimum sentence. Absent
such a reaffirmation, we decline to find on this
record that the trial court believed that there were
substantial and compelling reasons justifying a
departure from the statutory minimum sentence.

The question then becomes whether the trial
court abused its discretion in imposing the statu-
tory minimum sentence. Our review of the record
leads us to conclude that the sentence imposed,
which we note was presumptively valid and pro-
portionate, *People v Williams,* 189 Mich App 400,
403-404; 473 NW2d 727 (1991), was proportionate
to both defendant and the offense committed. Ac-
cordingly, we would reject defendant's first argu-
ment.

We also reject defendant's argument that the
trial court's failure to consider his cooperation
with the police after his arrest and to sentence
him to less than the statutory minimum consti-
tuted an abuse of discretion. While we would note
that defendant's cooperation with the police is
both objective and verifiable, given the subsequent
arrest and conviction of defendant's supplier, we
are not prepared to find that such cooperation
automatically entitles defendant to a sentence less
than the statutory minimum. Because defendant's
sentence was proportionate to both the offense and
the offender, we affirm.

Finally, defendant asserts that the trial court
erred in failing to articulate on the record its
reasons for the sentence imposed and that this
failure requires reversal or, at the least, that this
matter be remanded to enable the trial court to do
so. To aid the appellate review of sentences im-
posed and to avoid injustice resulting from error at
sentencing, the trial court must state on the rec-

ord the criteria considered and the facts supporting the sentence imposed. *People v Fleming,* 428 Mich 408, 428; 410 NW2d 266 (1987); *Coles, supra* at 549-550. As the sentencing guidelines "are presumptively not excessively severe or unfairly disparate because they fall within the sentencing norm" for a particular class of offender, when a sentence imposed is within the range recommended by the sentencing guidelines, reference to the guidelines alone is a sufficient explanation. *People v Broden,* 428 Mich 343, 354-355; 408 NW2d 789 (1987). *Milbourn* leaves intact both the requirement that the trial court must articulate on the record the reasons for the sentence imposed and the rule that reference to the guidelines alone constitutes sufficient explanation. *People v Dukes,* 189 Mich App 262, 266; 471 NW2d 651 (1991).

Many drug offenses, including the one that defendant was convicted of in this matter, are not addressed in the sentencing guidelines. See Michigan Sentencing Guidelines (2d ed). However, we believe that the basis for the *Broden* rule, that the sentences imposed in accordance with the guidelines are presumptively appropriate, is equally applicable to sentences in accordance with the minimum sentences set forth in the statute. Given the Legislature's determination that a sentence in accordance with the statutory minimum is presumptively appropriate, *Williams, supra* at 403-404, we hold that a trial court's reliance on the statutory minimum is sufficient explanation under *Coles* and *Broden.*

We believe that the record in this matter shows that the trial court relied upon the statutory minimum sentence. The trial court erroneously articulated its belief that the statutory minimum was twenty to thirty years and then, following

correction by the prosecutor, imposed a sentence in accordance with the actual statutory minimum of ten to thirty years. We do not see how a remand for a more specific articulation of the trial court's reliance upon the statutory minimum sentence would serve any pertinent purpose. Accordingly, we decline such relief. See *People v Beneson,* 192 Mich App 469; 481 NW2d 799 (1992); *People v Brown,* 186 Mich App 350, 358-359; 463 NW2d 491 (1990).

We conclude, on this record, that the trial court was aware of the statutory minimum and sentenced defendant in reliance upon it. We also hold, as noted above, that the sentence imposed was proportionate to both defendant and the offense committed. Defendant's conviction and sentence are affirmed.

Affirmed.