PEOPLE v LANKEY (AFTER REMAND)

Docket Nos. 126668, 154456. Submitted August 4, 1992, at Detroit. Decided February 2, 1993, at 9:10 A.M.

Robert Lankey was convicted, following a jury trial in the Recorder's Court for the City of Detroit, Vera Massey-Jones, J., of five counts of first-degree criminal sexual conduct. He was sentenced to concurrent terms of two to ten years in prison. The defendant and the people appealed, and the appeals were consolidated. The Court of Appeals, CORRIGAN, P.J., and MICHAEL J. KELLY and GRIFFIN, JJ., in an unpublished opinion per curiam, affirmed the convictions and remanded for reconsideration of the sentences in light of *People v Milbourn*, 435 Mich 630 (1990). On remand, the trial court ruled that *Milbourn* did not apply to the defendant's sentences because they are less than recommended by the guidelines.

After remand, the Court of Appeals *held:*

The trial court's ruling on remand was erroneous and contrary to the remand instructions. The sentences are disproportionately lenient, requiring that the sentences be vacated and the case remanded for resentencing before a different judge.

Convictions affirmed, sentences vacated, and case remanded for resentencing before a different judge.

SENTENCES — PROPORTIONALITY — SENTENCES BELOW GUIDELINES' RANGE.

The principle of proportionality announced in *People v Milbourn*, 435 Mich 630 (1990), applies to sentences that are less than recommended by the guidelines.

*Frank J. Kelley,* Attorney General, *Thomas L. Casey,* Solicitor General, *John D. O'Hair,* Prosecuting Attorney, *Timothy A. Baughman,* Chief of Research, Training, and Appeals, and *Don W. Atkins,* Assistant Prosecuting Attorney, for the people.

REFERENCES

Am Jur 2d, Criminal Law § 541.
See ALR Index under Sentence and Punishment.

*Douglas Hamel,* for the defendant on appeal.

AFTER REMAND

Before: CORRIGAN, P.J., and MICHAEL J. KELLY and GRIFFIN, JJ.

PER CURIAM. Following a jury trial, defendant was convicted of five counts of first-degree criminal sexual conduct, MCL 750.520b(1)(a); MSA 28.788(2)(1)(a), involving his then six-year-old granddaughter. Defendant was sentenced to concurrent terms of two to ten years in prison. The minimum sentence recommended by the sentencing guidelines is between eight and ten years.

In our previous opinion, *People v Lankey,* unpublished opinion per curiam of the Court of Appeals, decided September 22, 1992 (Docket Nos. 126668, 154456), we affirmed defendant's convictions but remanded the case to the trial court for reconsideration of the sentences in light of *People v Milbourn,* 435 Mich 630; 461 NW2d 1 (1990). On remand, the trial court ruled that *Milbourn* did not apply to sentences that are less than recommended by the guidelines. This ruling is erroneous and contrary to our remand instructions.

The prosecutor contends that defendant's sentences are disproportionately lenient given the gravity of the offense. We agree and accordingly vacate defendant's sentences and remand for resentencing. The resentencing shall occur before a different judge. *People v Evans,* 156 Mich App 68, 72-73; 401 NW2d 312 (1986). Also see *People v Fisher (After Second Remand),* 190 Mich App 598, 608-609; 476 NW2d 762 (1991), lv gtd 439 Mich 1002 (1992). We do not retain jurisdiction.

Convictions affirmed, sentences vacated, and case remanded for resentencing.