PEOPLE v ARCOS

Docket No. 153492. Submitted February 1, 1994, at Grand Rapids.
   Decided August 1, 1994, at 9:20 A.M.

   Ignacio G. Arcos pleaded guilty in the Eaton Circuit Court,
      Thomas S. Eveland, J., of possession with intent to deliver 225
      grams or more but less than 650 grams of heroin. The defen-
      dant was sentenced to a prison term of ten to thirty years,
      despite the argument of the defense counsel that the court
      should make a downward departure from the statutory mini-
      mum sentence of ten years because the defendant was subject
      to deportation. The defendant appealed.

      The Court of Appeals *held:*

      1. A sentencing court retains discretion to depart from the
      statutory minimum sentence for possession with intent to
      deliver heroin if it finds on the record that objective and
      verifiable factors exist that support a finding that there are
      substantial and compelling reasons for the departure. Because
      the Legislature gave courts discretion to depart from the pre-
      sumptively mandatory sentences only in exceptional cases, a
      court's discretion is narrowed to considering only the mitigat-
      ing reasons involved in the actual criminal act and the defen-
      dant's individual characteristics. The defendant's almost cer-
      tain deportation for this criminal act fits neither of those
      factors; accordingly, the court did not abuse its discretion in
      refusing to make a downward departure in the statutory mini-
      mum sentence.

      2. Because the defendant's sentence was within the statutory
      minimum term in effect at the time of his sentencing, it is
      presumptively valid and proportionate. The defendant has
      failed to rebut that presumption.

      Affirmed.

      J. T. HAMMOND, J., concurring in the result, stated that only

REFERENCES

Am Jur 2d, Aliens and Citizens §§ 1037, 1043, 1065; Criminal Law
   § 624.
Validity of state statute imposing mandatory sentence or prohibit-
   ing granting of probation or suspension of sentence for narcotics
   offenses. 81 ALR3d 1192.

in extreme cases should a court's refusal to depart from a
sentencing guidelines range be error; however, the fact that a
defendant will be deported as a result of a conviction should be
a factor that a court may consider in imposing sentence.

CONTROLLED SUBSTANCES — SENTENCES — MANDATORY MINIMUM
    SENTENCES — DEPARTURE — DEPORTATION.
    It is not an abuse of discretion for a court to refuse to depart
    from the mandatory minimum sentence set by statute for
    certain controlled substance convictions, even though it is
    almost certain that a defendant will be deported (MCL
    333.7401[4]; MSA 14.15[7401][4]).

*Frank J. Kelley,* Attorney General, *Thomas L.
Casey,* Solicitor General, *Jeffrey L. Sauter,* Prose-
cuting Attorney, and *William M. Worden,* Assis-
tant Prosecuting Attorney, for the people.

State Appellate Defender (by *Penny R. Beard-
slee*), for the defendant on appeal.

Before: HOLBROOK, JR., P.J., and SAWYER and
J. T. HAMMOND,* JJ.

HOLBROOK, JR., P.J. Defendant pleaded guilty of
possession with intent to deliver 225 grams or
more but less than 650 grams of heroin, MCL
333.7401(2)(a)(ii); MSA 14.15(7401)(2)(a)(ii), in ex-
change for the prosecutor dismissing the charge of
conspiracy to deliver more than 225 grams or
more but less than 650 grams of heroin and agree-
ing to a minimum sentence of no more than ten
years. Defendant was sentenced to the statutory
mandatory minimum prison term of ten years,
with a thirty-year maximum term. Defendant ap-
peals as of right. We affirm.

On appeal, defendant argues that the trial court
erred in failing to depart from the mandatory
minimum term of imprisonment. Defense counsel

_____
* Circuit judge, sitting on the Court of Appeals by assignment.

had argued at defendant's sentencing for a downward departure from the mandatory minimum term, because defendant was subject to deportation. The trial court determined that defendant's impending deportation did not constitute a substantial and compelling reason to depart from the mandatory minimum prison term. Defendant now argues that the fact that he, most assuredly, will be deported constitutes an objective and verifiable factor that provides a substantial and compelling reason for the trial court to depart from the mandatory minimum prison term.

Under MCL 333.7401(4); MSA 14.15(7401)(4), a sentencing court retains discretion to depart from the minimum term if the court finds on the record that there are substantial and compelling reasons to do so. *People v Poppa,* 193 Mich App 184, 188; 483 NW2d 667 (1992). The trial court may depart from the mandatory minimum sentences for factors that are objective and verifiable. *People v Hill,* 192 Mich App 102, 105; 480 NW2d 913 (1991). Objective and verifiable factors include "actions and occurrences which are external to the minds of the judge, defendant and others involved in making the decision and must be capable of being confirmed." *People v Krause,* 185 Mich App 353, 358; 460 NW2d 900 (1990).

Although the imminent deportation of a defendant is certainly an action that is external to the mind of a judge and is capable of being confirmed, we believe that it is not an objective and verifiable factor to consider in determining whether substantial and compelling reasons exist to depart from the mandatory minimum sentence. The Legislature intended to give trial courts discretion to depart from the presumptively mandatory sentences only in exceptional cases. *People v Downey,* 183 Mich App 405, 416; 454 NW2d 235 (1990). The

trial court's discretion thus is narrowed to considering only the mitigating reasons involved in the actual criminal act and the defendant's individual characteristics. We believe that the fact that defendant is subject to deportation as a result of his involvement in this criminal act fits neither of these factors. See *United States v Alvarez-Cardenas,* 902 F2d 734, 737 (CA 9, 1990).

In addition, we find that defendant's sentence does not violate the principle of proportionality as set forth in *People v Milbourn,* 435 Mich 630; 461 NW2d 1 (1990). Because defendant's sentence was within the statutory minimum term in effect at the time of his sentencing, his sentence is presumptively valid and proportionate. *People v Williams,* 189 Mich App 400, 403-404; 473 NW2d 727 (1991); *Poppa, supra,* p 189. Defendant has failed to rebut this presumption. We conclude, therefore, that the trial court did not abuse its sentencing discretion. *Poppa, supra,* p 187.

Affirmed.

SAWYER, J. concurred.

J. T. HAMMOND, J., *(concurring).* I concur in the result. Only in the most extreme circumstances could a refusal to exceed the guidelines range, or to refuse to sentence below the guidelines range, be error. This sentence does not violate the principle of proportionality as set forth in *People v Milbourn,* 435 Mich 630; 462 NW2d 1 (1990). I believe, however, that the fact that the defendant *will* be deported as a result of the instant conviction *may* (not must) be considered by the sentencing court. Why should our taxpayers be required to feed, house, clothe, and provide medical care for the defendant for an *extra* four or five years—in our overcrowded prison systems—when upon release he will be deported?