PEOPLE v PERRY

Docket No. 176654. Submitted January 17, 1996, at Detroit. Decided April 12, 1996, at 9:00 A.M. Leave to appeal sought.

Willie L. Perry was convicted following a bench trial in the Oakland Circuit Court, Alice L. Gilbert, J., of delivery of more than 50 grams but less than 225 grams of cocaine. The court found substantial and compelling reasons to depart from the mandatory ten-year minimum sentence and sentenced the defendant to three to twenty years in prison. The prosecution appealed.

The Court of Appeals *held:*

1. The trial court had the authority to depart from the mandatory minimum sentence upon a finding of substantial and compelling reasons.

2. The first three reasons cited by the trial court for deviating from the statutory minimum sentence exist and are objective and verifiable. Therefore, the court did not err in considering those reasons. The fourth reason, the statement of a probation officer in the defendant's presentence report that, if the defendant had been convicted of an offense for which probation is a proper sentence, probation would have been recommended, was not a proper consideration.

3. The trial court's consideration of the injury the defendant sustained while trying to avoid being arrested was improper.

4. Because the trial court considered both appropriate and inappropriate factors in determining that substantial and compelling reasons existed for deviating from the statutory minimum sentence, the matter must be remanded to the trial court for a determination whether the court still finds substantial and compelling reasons to deviate when confined to only the appropriate considerations.

Remanded.

JANSEN, J., dissenting, stated that the defendant's sentence should be affirmed. The trial court's finding that there were substantial and compelling reasons to depart below the statutory minimum sentence was not clearly erroneous. There is no evidence that the trial court considered as a factor in its determination to depart from the mandatory minimum sentence the fact that the defendant was injured while trying to avoid being arrested. Error requiring

reversal did not occur with regard to the trial court's decision to consider the probation officer's recommendation of probation, had probation been available, as a reason to deviate. The sentence does not violate the principle of proportionality.

1. SENTENCES — CONTROLLED SUBSTANCES — DEVIATIONS FROM STATUTORY MINIMUM.

    Only those factors that are objective and verifiable may be used to determine whether substantial and compelling reasons exist to deviate from the minimum sentence mandated for drug-related crimes; a trial court's findings that the factors qualify as substantial and compelling reasons is reviewed on appeal for an abuse of discretion; where the trial court considered both appropriate and inappropriate factors, the reviewing court must remand the matter to the trial court for a determination whether the court still finds substantial and compelling reasons when confined to only the appropriate considerations (MCL 333.7401[4]; MSA 14.15[7401][4]).

2. SENTENCES — APPEAL — DEVIATIONS FROM STATUTORY MINIMUM.

    The Court of Appeals may remand for resentencing where it finds that a defendant's sentence for a drug-related conviction that was less than the statutorily mandated minimum sentence was justified but that the amount of the departure results in a disproportionately lenient sentence (MCL 333.7401[4]; MSA 14.15[7401][4]).

*Frank J. Kelley*, Attorney General, *Thomas L. Casey*, Solicitor General, *Richard Thompson*, Prosecuting Attorney, *Joyce F. Todd*, Chief, Appellate Division, and *Kathryn G. Barnes*, Assistant Prosecuting Attorney, for the people.

State Appellate Defender (by *Susan M. Meinberg*), for the defendant on appeal.

Before: TAYLOR, P.J., and JANSEN and SMOLENSKI, JJ.

TAYLOR, P.J. Defendant was found guilty of delivery of more than 50 grams but less than 225 grams of cocaine following a bench trial, MCL 333.7401(2)(a)(iii); MSA 14.15(7401)(2)(a)(iii). The trial court found substantial and compelling reasons to depart from the mandatory ten-year minimum sen-

tence and sentenced defendant to three to twenty years' imprisonment. The prosecution appeals as of right. We remand.

The prosecution argues that the trial court erred in deviating from the mandatory minimum sentence for reasons that were neither substantial nor compelling and that defendant's sentence is disproportionately lenient contrary to *People v Milbourn*, 435 Mich 630; 461 NW2d 1 (1990), which requires sentences to be proportionate.

The prosecution has had the authority to appeal as of right the sentence of a criminal defendant since March 30, 1988. MCL 770.12; MSA 28.1109; *People v Reynolds*, 181 Mich App 185; 448 NW2d 774 (1989); *People v Vancil*, 186 Mich App 665, 666; 465 NW2d 49 (1991); *People v Hellis*, 211 Mich App 634, 637; 536 NW2d 587 (1995). However, pursuant to 1994 PA 374, for crimes committed after December 27, 1994, where the defendant pleads guilty or nolo contendere, the prosecution may appeal the sentence only by leave granted. MCL 770.12(2)(e); MSA 28.1109(2)(e). While cases testing the exercise of sentencing discretion have been brought with greater frequency by defendants, it is also the case that this Court, as well as the Supreme Court, has found sentences of trial courts disproportionately lenient in published opinions as a result of appeals by the prosecution. See, e.g., *People v Lankey (After Remand)*, 198 Mich App 187; 497 NW2d 571 (1993), *People v Catanzarite*, 211 Mich App 573, 585; 536 NW2d 570 (1995), and *People v Wadsack*, 450 Mich 863 (1995).

In this case, the trial court had the authority to depart from the mandatory ten-year minimum sentence upon a finding of substantial and compelling

reasons as set forth in MCL 333.7401(4); MSA 14.15(7401)(4).

After some appellate uncertainty concerning how to define substantial and compelling reasons, it is now settled that they must be objective and verifiable. *People v Fields*, 448 Mich 58, 68; 528 NW2d 176 (1995). The determination regarding the existence, or nonexistence, of a particular reason or factor is reviewed on appeal under the clearly erroneous standard. *Id.* at 77. Once the existence of a factor has been established, the court must determine whether the factor is objective and verifiable, and that finding of the trial court is reviewed de novo. *Id.* at 78. Should the trial court find that the factor qualifies as a substantial and compelling reason to impose a sentence below the statutory minimum, that finding is then reviewed for an abuse of discretion. *Id.* at 78. Finally, this Court will remand for resentencing should it find that a departure was justified but the amount of the departure results in a disproportionately lenient sentence. *Catanzarite, supra* at 585.

In this case, the trial court gave the following reasons for deviating from the statutory minimum ten-year sentence: (1) defendant had no prior criminal record; (2) defendant had a work history; (3) defendant lived with his mother and stepfather and planned to continue his education beyond high school (defendant had been admitted to a community college and defense counsel indicated that defendant had received a grant to pay for his college education); and (4) a probation officer indicated in a presentence report that, if defendant had been convicted of an offense for which probation is a proper sentence, probation would have been recommended. The court

also made the following statement regarding the fact that defendant was injured when he tried to avoid being arrested:

> The fact that the defendant was injured in running away from this matter may be discounted by the Court of Appeals and I'm not sure whether or not the Circuit Court really can take cognizance of it as any substantial and compelling reason. I do not believe so, but I believe that it's obviously a consideration for the Court. A serious leg injury is now almost permanent with this person. As I say, the Court doesn't, I do not weigh that in the deviation.

Parsing this statement, it seems that the trial court did use defendant's leg injury as a consideration, but warily disclaimed that it did so. Given this situation, we find it proper to consider this as the fifth factor that the court used in deviating from the statutory minimum sentence.

In *Fields, supra,* the Supreme Court indicated that sentencing courts should consider the following factors in determining whether a case presents substantial and compelling reasons to depart below the mandatory minimum: (1) whether there are mitigating circumstances surrounding the offense; (2) whether the defendant has a prior record; (3) the defendant's age; and (4) the defendant's work history. *Id.* at 76-77. Further, a sentencing court should consider factors arising after the defendant's arrest, paying special attention to whether the defendant had cooperated with law enforcement officials. *Id.* at 79.

In giving general guidance concerning the ease with which substantial and compelling circumstances should be found, the *Fields* Court noted that a finding of substantial and compelling circumstances should not be seen as a threshold meant to be impossible to

reach but that, nevertheless, such a finding should be
the exception and not the rule, *id.* at 70, n 5, and that
such reasons only exist in exceptional cases. *Id.* at
68. Finally, the Court instructed that when both
appropriate and inappropriate factors are considered,
the case should be remanded for the sentencing court
to determine whether it finds substantial and compel-
ling reasons to deviate from the statutory minimum
sentence solely on the basis of appropriate factors.
*Id.* at 80.

We are satisfied that the first three reasons cited by
the trial court for deviating from the statutory mini-
mum sentence exist and are objective and verifiable
and, thus, were appropriate to consider in determin-
ing if substantial and compelling reasons to deviate
from the minimum sentence existed. However, we are
troubled by the use that the sentencing court made of
the statement by the probation officer that he would
have recommended probation if defendant had been
convicted of a crime that allowed probation. The pro-
bation officer stated in the presentence report:

> If the defendant were convicted of a probationable
> offense, the writer would certainly recommend such, how-
> ever, it appears conviction, as indicated, precludes such a
> recommendation. Therefore, we are recommending a con-
> finement sentence, as mandated.

This gratuitous observation, harmless in itself, was
then converted by the court into that which we sus-
pect it was never intended to be: a reason for depar-
ture. This use of the probation officer's subjective
observation was inappropriate inasmuch as the indi-
cation of what the recommendation would have been
if defendant had been convicted of another crime is,

at the very least, irrelevant and, as a subjective analysis, clearly not objective and verifiable. Its use, therefore, was improper. Indeed, the actual recommendation for disposition that MCL 771.14; MSA 28.1144 and MCR 6.425(A)(11) required the probation officer to make was the mandatory minimum ten-year term.

Finally, as the trial court suspected, and our previous discussion suggests, the court's consideration of defendant's flight-induced injury was also improper.

Because we find that the sentencing court considered factors that were appropriate in conjunction with those that were not, we remand to the trial court for a determination whether the court still finds substantial and compelling reasons to deviate when confined to only the appropriate considerations. *Fields*, *supra* at 80. In making this determination, the trial court should consider the Michigan Supreme Court's recent order in *People v McNeil*, 450 Mich 1013 (1996), where the Court held as follows:

> [T]he case is remanded to the Recorder's Court for resentencing. The reasons given by the trial judge for departing below the mandatory minimum sentence did not warrant the departure. See *People v Fields*, 448 Mich 58 (1995).

This Court summarized the reasons given by the trial court in *McNeil* as follows:

> Here, the trial court determined that the substantial and compelling reasons to depart from the minimum sentence included (1) defendant's work history, (2) his educational background, (3) his family support, (4) his lack of prior contact with the judicial system, and (5) his exemplary conduct following his arrest. [*People v McNeil*, unpublished opinion per curiam of the Court of Appeals, issued September 29, 1995 (Docket No. 175994).]

The similarities between the reasons relied upon by the trial court in *McNeil* and the appropriate reasons cited in the case at bar are readily apparent.

We would further advise the court, if it again finds that there are substantial and compelling reasons, that it should carefully consider the extent of the deviation it orders so as not to impose a disproportionately lenient (*Catanzarite*) sentence because the statutory minimum sentence is presumptively proportionate. *People v Poppa*, 193 Mich App 184, 189; 483 NW2d 667 (1992).

Remanded for further proceedings. We do not retain jurisdiction.

SMOLENSKI, J., concurred.

JANSEN, J. (*dissenting*). I respectfully dissent. I would affirm defendant's sentence. The trial court's finding that there were substantial and compelling reasons to depart below the statutory minimum sentence is not clearly erroneous. I find no abuse of discretion in the trial court's decision to fashion a sentence of three to twenty years' imprisonment in this case.

Following a bench trial in the Oakland Circuit Court, defendant was acquitted of conspiracy to deliver more than 50 but less than 225 grams of cocaine, MCL 750.157a; MSA 28.354(1), and convicted of delivery of more than 50 but less than 225 grams of cocaine, MCL 333.7401(2)(a)(iii); MSA 14.15(7401)(2)(a)(iii). The actual amount of cocaine involved in this case was about sixty-seven grams. The statute provides that an offender in this category shall be imprisoned for not less than ten nor more than twenty years. However, trial courts are permitted to depart

from the minimum term if the court finds that there are substantial and compelling reasons to do so on the record. MCL 333.7401(4); MSA 14.15(7401)(4).

Our Supreme Court has recently held that "only those factors that are objective and verifiable may be used to judge whether substantial and compelling reasons exist." *People v Fields*, 448 Mich 58, 62; 528 NW2d 176 (1995). In determining whether substantial and compelling reasons to depart exist, courts first are to place particular emphasis on mitigating circumstances surrounding the offense. *Id.*, p 76. Other factors to then evaluate include: (1) the defendant's prior record, (2) the defendant's age, (3) the defendant's work history, (4) the defendant's cooperation with law enforcement officials, and (5) factors arising after the defendant's arrest. *Id.*, p 77.

The existence or nonexistence of a particular factor is a factual determination for the sentencing court that is reviewed under the clearly erroneous standard of review. *Id.* The determination that a particular factor is objective and verifiable is to be reviewed as a matter of law. *Id.* A trial court's determination that the objective and verifiable factors present in the case constitute substantial and compelling reasons to depart from the statutory minimum sentence is to be reviewed for an abuse of discretion. *Id.*, p 78.

In reviewing the lower court record and the trial court's findings, I cannot conclude that the trial court's determination of the existence of substantial and compelling factors to depart was clearly erroneous. The trial court first found that defendant was employed at a local restaurant at the time of the offense, but had been unemployed for approximately six months and was seeking employment. He had five

previous years of employment at another restaurant. Defendant graduated from Cody High School in 1990 and had been admitted to attend Wayne County Community College. The trial court noted that defendant had done well in school and was on the honor roll, even though he was considered learning disabled because of attention deficit disorder and dyslexia. Defendant resided with his mother and stepfather in the City of Detroit.

The trial court also noted that defendant was single. The trial court placed particular emphasis on the fact that defendant (who was twenty-one years old at the time of the offense) had no prior criminal record and no juvenile record. There was no indication of any substance abuse by defendant, and the result of a drug test conducted by the probation department was negative. The trial court noted that there was no history of mental or emotional problems, but did note that defendant suffered a serious leg injury during his arrest.

The trial court, which sat as the finder of fact in this case, then recounted the circumstances surrounding the offense, and noted that defendant was unquestionably involved in a drug sale. Although it was uncertain, the trial court did seem to indicate that whether a person was more or less involved in the crime should be a factor to consider. Because the Supreme Court specifically stated that mitigating circumstances surrounding the offense should first be considered, there is no error in determining that defendant's involvement was fairly minimal. The evidence at trial revealed that defendant did not actually deliver the cocaine, nor did he receive any money.

The existence of the factors to depart as found by the trial court are not clearly erroneous because they are all amply supported by record evidence. Further, the factors identified are objective and verifiable and have been specifically identified as being valid factors by the Supreme Court. Unlike the majority, I would hold the trial court to its word because the trial court specifically stated on the record that it would not weigh defendant's leg injury as a factor in deviating. The majority's decision to treat the leg injury as an improper reason for deviating is puzzling because the trial court said it would not weigh this as a factor.

With regard to the trial court's decision to include the probation officer's recommendation of probation, had probation been an option, as a reason to deviate, I do not find any error requiring reversal. The probation officer wrote in the presentence report as follows:

> If the defendant were convicted of a probationable offense, the writer would certainly recommend such, however, it appears conviction, as indicated, precludes such a recommendation. Therefore, we are recommending a confinement sentence, as mandated.

The trial court stated that it would weigh the probation officer's evaluation. I believe that the probation officer recognized that defendant was an appropriate candidate for probation, but also recognized that he was not eligible for probation and, therefore, recommended a period of confinement as mandated by the statute. I see nothing improper in the trial court's decision to rely on the probation officer's expertise in this area.

I cannot conclude that the trial court's determination that the factors constitute substantial and compelling reasons to depart from the mandatory minimum sentence is an abuse of discretion. Further, I do not find the sentence to violate the principle of proportionality because the sentencing guidelines' range was determined to be twelve to thirty months and the trial court carefully considered the background of the offender and the circumstances surrounding the offense. *People v Milbourn*, 435 Mich 630; 461 NW2d 1 (1990).

I would affirm defendant's sentence.