PEOPLE v JOHNSON (ON REMAND)

Docket No. 194515. Submitted December 4, 1996, at Lansing. Decided April 22, 1997, at 9:10 A.M.

Jessie B. Johnson pleaded guilty in the Oakland Circuit Court of two counts of possession with intent to deliver 225 grams or more, but less than 650 grams, of cocaine. The court, Samuel C. Gardner, J., in sentencing the defendant to consecutive terms of imprisonment of five to thirty years, deviated from the minimum sentence of twenty years mandated by MCL 333.7401(2)(a)(ii); MSA 14.15(7401)(2)(a)(ii). The Court of Appeals denied the prosecution's application for leave to appeal the sentences. The Supreme Court, in lieu of granting leave, remanded the case to the Court of Appeals for consideration as on leave granted. 451 Mich 873 (1996).

On remand, the Court of Appeals *held*:

MCL 333.7401(4); MSA 14.15(7401)(4) permits a sentencing court to deviate from the mandated minimum sentence for substantial and compelling reasons, which must be supported by objective and verifiable factors that must be articulated on the record. In this case, the reasons given by the trial court for deviating from the mandated minimum sentence were that the defendant had no prior criminal record, had no history of violence or substance abuse, had done substantial work in the community and in the school system, and had tried to "turn himself around." The first three factors are objective and verifiable, but the last factor is not. The trial court also did not explain why the factors are substantial or compelling. The case must be remanded for a determination by the trial court whether the appropriate reasons it gave for deviating from the mandated minimum sentence are substantial and compelling.

Reversed and remanded for further proceedings.

SENTENCES — CONTROLLED SUBSTANCES — DEVIATIONS FROM STATUTORY MINIMUM.

Only those factors that are objective and verifiable may be used to determine whether substantial and compelling reasons exist to deviate from the minimum sentence imposed for drug-related crimes (MCL 333.7401[4]; MSA 14.15[7401][4]).

*Frank J. Kelley*, Attorney General, *Thomas L. Casey*, Solicitor General, *Richard Thompson*, Prosecuting Attorney, *Joyce F. Todd*, Chief, Appellate Division, and *Robert C. Williams*, Assistant Prosecuting Attorney, for the people.

*Neumark, Simmons & Millard, P.C.* (by *Kathryn L. Simmons*), for the defendant.

ON REMAND

Before: YOUNG, P.J., and O'CONNELL and W. J. NYKAMP*, JJ.

YOUNG, P.J. Defendant, a police officer for the City of Pontiac, pleaded guilty of two counts of possession with intent to deliver 225 grams or more, but less than 650 grams, of cocaine, MCL 333.7401(2)(a)(ii); MSA 14.15(7401)(2)(a)(ii). Pursuant to a *Cobbs*[1] plea, defendant was sentenced to two consecutive terms of five to thirty years of imprisonment. The prosecution's application for leave to appeal to this Court was denied on December 27, 1995. The prosecution then applied to the Supreme Court for leave to appeal. In lieu of granting leave, the Supreme Court remanded to this Court for consideration as on leave granted. 451 Mich 873 (1996). We reverse and remand.

---

* Circuit judge, sitting on the Court of Appeals by assignment.

[1] *People v Cobbs*, 443 Mich 276; 505 NW2d 208 (1993). In *Cobbs*, the Court outlined a procedure that allows a party to request before trial that the judge articulate on the record the length of the sentence that would be appropriate for the offense charged. *Id.*, 283. However, if a defendant pleads guilty or nolo contendere to the charged offense, the judge is not bound by the preliminary assessment. *Id.* A defendant who relies on the judge's determination retains an absolute right to withdraw the plea if the judge later determines that the earlier sentencing assessment must be exceeded. *Id.*

The offenses of which defendant pleaded guilty carry a mandatory sentence of twenty to thirty years of imprisonment. MCL 333.7401(2)(a)(ii); MSA 14.15(7401)(2)(a)(ii). The statute also requires that a sentence under this provision must run consecutively to any term of imprisonment imposed for the commission of another felony. MCL 333.7401(3); MSA 14.15(7401)(3); *People v Morris*, 450 Mich 316, 337; 537 NW2d 842 (1995). In this statute, unlike other criminal statutes, the Michigan Legislature added amendments to preclude deviation from the mandatory minimum sentence unless the trial court finds that there are "substantial and compelling reasons" to do so. MCL 333.7401(4); MSA 14.15(7401)(4).

The prosecution's sole argument on appeal is that the trial court erred in departing from the statutorily prescribed minimum sentence for defendant's offense because substantial and compelling reasons did not exist to justify a departure. MCL 333.7401(4); MSA 14.15(7401)(4); *People v Fields*, 448 Mich 58, 62; 528 NW2d 176 (1995). After reviewing the sentencing record, we conclude that the lower court's stated reasons for departure did not comply with the standard set forth in *Fields*.

In *Fields*, our Supreme Court acknowledged that the legislative intent behind this statute was to impose stiff minimum sentences on persons engaged in drug trafficking. *Id.*, 64. As such, the Court reasoned that the amendments allowing for deviation from the mandatory sentence must be read consistently with "the overarching intent of the Legislature to deter people from committing drug-related crimes." *Id.*, 68. The Court explained further that the Legislature's use of strong language in the phrase "substan-

tial and compelling reasons" indicates that deviations from the mandatory sentence were contemplated only for *exceptional* cases. *Id.* Accordingly, the *Fields* Court held that a sentencing court must articulate on the record "objective and verifiable factors" that provide "substantial" and "compelling" bases to depart from the mandatory minimum prescribed by the statute. *Id.* (adopting the test approved by a conflict panel in *People v Hill*, 192 Mich App 102; 480 NW2d 913 [1991]).

Although the *Fields* test allows sentencing judges to consider many of the factors traditionally considered at sentencing, these restrictions ensure that deviations are the exception, and not the rule. *Fields, supra*, 68-69, 70, n 5. As an aid, the Supreme Court approved a nonexclusive list of such factors, including: (1) whether there are mitigating circumstances surrounding the offense, (2) whether the defendant has a prior record, (3) the defendant's age, (4) the defendant's work history, and (5) factors that arise after the defendant's arrest such as the defendant's cooperation with law enforcement officials. *Id.*, 76-77.

Given the underlying legislative intent to ensure that drug traffickers receive prescribed sentences unless there are exceptional circumstances justifying the deviation, *Fields* does not authorize the mere listing of garden variety "factors," even objective and verifiable ones, as a means of complying with legislative intent. Accordingly, we reemphasize that the simple iteration of objective and verifiable factors alone is insufficient to meet the statutory standard: the sentencing court must also specifically articulate the reasons why the factors it identifies and relies upon collectively provide "substantial and compelling" reasons

to except the case from the legislatively mandated sentencing regime.[2]

In the present case, the lower court gave the following reasons for deviating from the mandatory minimum sentence: (1) defendant had no prior criminal record, (2) defendant had no history of violence or substance abuse, (3) defendant had done substantial work in the community and in the school system, and (4) defendant had tried to "turn himself around."

The first factor, that defendant had no prior record is an appropriate one under *Fields*. *Id.*, 77. The second factor, that defendant had no history of violence or substance abuse, is verifiable and could arguably be considered in the absence of a prior criminal record. *Id.* The third factor, that defendant had done substantial work in the community, is verifiable and may conceivably be considered work history. *Id.* However, the fourth factor, that defendant had tried to turn himself around, is subjective and should not have been considered by the court. Indeed, this "factor" is very similar to one expressly rejected in *Fields*. See *id.*, 80 ("great remorse"); see also *People v*

---

[2] The Supreme Court also recognized that the broad discretion ordinarily accorded sentencing judges has been limited for drug-related offenses. *Fields, supra,* 69 (quoting *Hill, supra,* 118.) To reflect these limitations, the Supreme Court announced a tripartite standard of appellate review as follows. First, the trial court's factual findings regarding the existence of an "objective and verifiable" factor warranting a downward deviation from the mandatory minimum sentence is reviewed on appeal under the "clearly erroneous" standard. *Fields, supra,* 77. Second, "[t]he determination that a particular factor is objective and verifiable should be reviewed by the appellate court as a matter of law." *Id.,* 77-78. Finally, should the trial court determine that the factors qualify as substantial and compelling reasons to impose a sentence below the statutory minimum, that determination is reviewed for an abuse of discretion. *Id.,* 78. Significantly, the Supreme Court recognized that appellate decisions will continue to refine this standard. *Id.,* 79.

*Perry*, 216 Mich App 277, 282-283; 549 NW2d 42 (1996) (improper use of subjective factors warrants remand). In addition to considering a nonobjective factor, the sentencing court did not indicate why these factors were substantial in this case or made a compelling rationale for deviating from the mandatory minimum sentence.

Because the trial court considered an inappropriate factor in conjunction with appropriate factors, and failed to articulate why any of the factors it identified met the statutory standard for sentencing deviation, we remand to the trial court for a determination whether there are substantial and compelling reasons to deviate when only appropriate factors are considered. See *Fields, supra,* 80. To the extent that the trial court finds, upon appropriate factors, a basis for deviation, we also add a further caution, as did the *Perry* Court: the trial court must consider the *extent* of deviation it orders to avoid imposing a lenient, and hence, disproportionate, sentence. *Perry, supra,* 284. Legislatively mandated sentences are presumed to be proportionate and valid. *Id.; People v DiVietri,* 206 Mich App 61, 63 ; 520 NW2d 643 (1994).

We reverse and remand for further proceedings consistent with this opinion.[3] We do not retain jurisdiction.

---

[3] In remanding this case, we are mindful that defendant's plea pursuant to *Cobbs, supra,* was taken in consideration of the judge's preliminary determination that defendant could be sentenced to five to thirty years of imprisonment. We wish to note for the benefit of the trial bench that, as *Fields* emphasizes, the Legislature, with rare exception, intended that drug traffickers receive the minimum mandatory sentence. Thus, judges should be especially careful in cases involving a defendant who is charged with one of the drug-related offenses enumerated under MCL 333.7401; MSA 14.15(7401) when applying the procedure articulated in *Cobbs.*