PEOPLE v NUNEZ

Docket No. 216973. Submitted April 11, 2000, at Grand Rapids. Decided
    September 22, 2000, at 9:05 A.M.

    Ismael Nunez was convicted following a bench trial in the Kent Cir-
    cuit Court, Robert A. Benson, J., of possession of 225 grams or
    more, but less than 650 grams, of cocaine. The defendant was sen-
    tenced to twenty to thirty years' imprisonment. The defendant
    appealed.

    The Court of Appeals held:

    1. The affidavit in support of the search warrant contained suffi-
    cient factual statements to establish probable cause to believe that
    cocaine would be found in the apartment where the defendant
    resided or at least habitually stayed. There was a substantial basis
    for the magistrate's finding of probable cause to issue the search
    warrant.

    2. The prosecution presented sufficient evidence to support the
    trial court's finding of guilt. There was sufficient evidence to estab-
    lish beyond a reasonable doubt that the defendant knew of or
    intended to possess the cocaine.

    3. The prosecution did not have to prove beyond a reasonable
    doubt that the defendant did not obtain the cocaine by legal means.

    4. The court did not abuse its discretion in imposing the
    mandatory minimum sentence. There were no substantial and com-
    pelling reasons to depart from the mandatory minimum sentence.
    The court's reliance on a statutorily required minimum sentence
    while giving no reasons for the sentence imposed satisfies the
    articulation requirement regarding sentencing considerations.
    There is no evidence that the court failed to consider relevant miti-
    gating factors.

    5. The mandatory minimum sentence did not violate the constitu-
    tional protection against cruel and unusual punishment provided in
    US Const, Am VIII.

    Affirmed.

    O'CONNELL, J., concurring, wrote separately to state that the
    search warrant was not founded on probable cause, but that the
    denial of the defendant's motion to suppress the evidence should
    nevertheless be affirmed on the basis that the police relied in good

faith on a facially valid search warrant. The exclusionary rule should be applied only where it advances its purpose of deterring future unlawful police misconduct. Applying the exclusionary rule in a situation where the police have relied in good faith on a search warrant later determined to be lacking in probable cause does not further the objective of deterring police misconduct. The good-faith exception to the exclusionary rule recognized by the United States Supreme Court should be applied in this case and would not mandate suppression of the evidence under the Fourth Amendment.

1. SEARCHES AND SEIZURES — SEARCH WARRANTS — PROBABLE CAUSE.

A search warrant and its underlying affidavit must be read in a commonsense and realistic manner in assessing a magistrate's determination regarding probable cause to issue the warrant; a reviewing court must pay deference to the magistrate's conclusion that probable cause existed and determine whether a reasonably cautious person could have concluded that the finding of probable cause had a substantial basis.

2. CONTROLLED SUBSTANCES — WORDS AND PHRASES — POSSESSION.

"Possession" of a drug is signified by dominion or right of control over the drug with knowledge of its presence and character; possession may encompass both actual and constructive possession and may be proved by circumstantial evidence and reasonable inferences drawn therefrom.

3. CONTROLLED SUBSTANCES — POSSESSION — AUTHORIZED POSSESSION — BURDEN OF PROOF.

The prosecution in an action for possession of a controlled substance need not prove beyond a reasonable doubt that the defendant did not obtain the substance by legal means; a defendant seeking to defend against a charge of possession of a controlled substance on the basis that it was obtained by a valid prescription or some other authorized means must present some competent evidence that the defendant was legally authorized to possess the substance (MCL 333.7531; MSA 14.15[7531]).

4. SENTENCES — STATUTORILY REQUIRED MINIMUM SENTENCES — COURTS' ARTICULATION OF REASONS FOR SENTENCES.

A sentencing court's reliance on a statutorily required minimum sentence satisfies the requirement that the court articulate the reasons for the sentence imposed.

*Gary L. Kohut*, for the defendant on appeal.

Before: Meter, P.J., and Fitzgerald and O'Connell, JJ.

Meter, P.J. Defendant appeals as of right from his conviction, following a bench trial, of possession of 225 grams or more, but less than 650 grams, of cocaine, MCL 333.7403(2)(a)(ii); MSA 14.15(7403)(2)(a)(ii). The trial court sentenced him to twenty to thirty years' imprisonment. We affirm.

Defendant was arrested in March 1997 on a federal drug indictment. Subsequently, the police, relying on a search warrant, searched an apartment in Kentwood and discovered approximately 330.9 grams of cocaine. This cocaine formed the basis for defendant's instant possession conviction.

Defendant first argues that the trial court erred in denying his motion to suppress the cocaine seized from the Kentwood apartment. Defendant contends that the affidavit offered in support of the search warrant lacked sufficient factual statements to establish probable cause to believe that cocaine would be found in the apartment. We disagree.

A search warrant may be issued only on a showing of probable cause that is supported by oath or affirmation. *People v Sloan*, 450 Mich 160, 166-167; 538 NW2d 380 (1995); Const 1963, art 1, § 11; MCL 780.651(1); MSA 28.1259(1)(1), MCL 780.653; MSA 28.1259(3). "Probable cause exists when a person of reasonable caution would be justified in concluding that evidence of criminal conduct could be found in a stated place to be searched." *People v Stumpf*, 196 Mich App 218, 227; 492 NW2d 795 (1992). In assessing a magistrate's determination in regard to probable cause, the search warrant and underlying affidavit

must be read in a commonsense and realistic manner, and a reviewing court must pay deference to a magistrate's conclusion that probable cause existed. *Sloan, supra* at 168. Such deference requires the reviewing court to determine whether a reasonably cautious person could have concluded that the finding of probable cause had a "substantial basis." *Id.*

Here, Michigan State Police Detective Sergeant Jeffery Anthony executed the affidavit in support of the search warrant. In the affidavit, Anthony stated that (1) he received a copy of a federal indictment charging defendant with conspiring to deliver cocaine and was assigned to arrest him; (2) he learned from a detective of the Wyoming Police Department that defendant was driving an older-model Chevrolet with a particular license number; (3) he ran a Law Enforcement Information Network (LEIN) check on the license number and learned that the license plate was registered to defendant at the Kentwood apartment; (4) he contacted the manager of the Kentwood apartment complex, who indicated that no one had leased an apartment in defendant's name and that a woman held the lease to the apartment in question; (5) after undertaking surveillance of the complex for two days, Anthony never saw the woman's vehicle, but defendant's vehicle was parked at the complex on two different occasions, once completely covered with snow, suggesting that it had been parked there for some time; (6) after defendant was arrested on the federal warrant while driving his vehicle, defendant gave an address different from the Kentwood address and stated that he had lived at the different address for the past fourteen years; (7) he (Anthony) then searched the vehicle and found a key to the

Kentwood apartment, as well as a paid Consumer's Power Company bill mailed to defendant at the Kentwood apartment, a partial Ameritech phone bill addressed to defendant at the same address, and an unpaid pending MichCon bill mailed to defendant at the same address; and (8) a drug-sniffing dog went through the vehicle and discovered a bag containing a small white chunk of material that field tested positive for cocaine.

Under the totality of these circumstances, a reasonably cautious person could conclude that there was a substantial basis for the magistrate's finding of probable cause. Indeed, defendant was arrested as a drug trafficker,[1] cocaine was found in his vehicle, and there was abundant evidence that he resided at or habitually used the Kentwood apartment and had lied about this to the police. Defendant contends that the affidavit did not support a search of the Kentwood apartment because nothing in the affidavit tied the alleged drug activity to the apartment. However, defendant's denial that he lived at the Kentwood apartment, combined with the reasonable inference that drug traffickers often keep evidence of illicit activity in their homes, provided a sufficient basis for the magistrate's finding of probable cause to search the apartment. See *People v Darwich*, 226 Mich App 635, 639-640; 575 NW2d 44 (1997). We acknowledge that in *Darwich*, the affiant specifically stated that in his experience, evidence of drug activity is

---

[1] In an addendum to his appellate brief, defendant contends that this arrest could not support a finding of probable cause because the arrest related to an incident that occurred in 1995. The presence of some cocaine in defendant's vehicle, however, supported a reasonable inference that defendant was still trafficking in cocaine.

often found in a drug trafficker's home. See *id.* at 638. Here, Anthony made no such statement. The magistrate, however, was free to make this logical inference on his own. Defendant's denial that he lived at the Kentwood apartment provided even more evidence that contraband would be found in the apartment. The trial court did not err in denying defendant's motion to suppress.

Next defendant argues that the prosecution failed to present sufficient evidence to sustain the trial court's finding of guilt. When reviewing the sufficiency of the evidence in a bench trial, we must view the evidence in the light most favorable to the prosecution and determine whether a rational trier of fact could have found that the essential elements of the crime were proved beyond a reasonable doubt. *People v Petrella*, 424 Mich 221, 268-279; 380 NW2d 11 (1985).

Defendant contends that without the evidence seized under the search warrant, there was insufficient evidence to prove that defendant possessed the requisite quantity of cocaine. Because the warrant was valid, this argument fails.

Defendant additionally contends that even if the cocaine was validly seized, the prosecution failed to present evidence sufficient to establish beyond a reasonable doubt that defendant knew of or intended to possess the cocaine. We disagree. Possession is a term that "signifies dominion or right of control over the drug with knowledge of its presence and character." *People v Maliskey*, 77 Mich App 444, 453; 258 NW2d 512 (1977). Possession "may encompass both actual and constructive possession." *Id.* Moreover, "possession may be proved by circumstantial evidence and reasonable inferences drawn from this evi-

dence." *Id.* The prosecution's evidence showed that a large quantity of cocaine was found in the apartment in which defendant resided or at least habitually used. Indeed, several utility bills found in defendant's car were addressed to defendant at the apartment, defendant had a key to the apartment, and defendant's snow-covered car was seen parked at the apartment. Moreover, defendant's friend, Sha-Ron Chamberlain, testified that defendant gave her cash and asked her to rent the Kentwood apartment, that she did so, but that she had never actually lived at the apartment. Instead, according to Chamberlain, defendant was living in the apartment at the time of his arrest. Chamberlain further testified that on the night of defendant's arrest, defendant called her from jail and asked her to remove a glove from the apartment; a later investigation revealed that this glove contained cocaine. Viewing this evidence in the light most favorable to the prosecution, a rational trier of fact could have found beyond a reasonable doubt that the cocaine located in the apartment belonged to defendant.

Defendant additionally contends that the prosecution failed to present sufficient evidence to support his conviction because the prosecution failed to show that the cocaine was not obtained by a valid prescription or some other authorized means. However, it was not the prosecution's burden to prove beyond a reasonable doubt that defendant did not obtain the cocaine by legal means. Defendant bore the burden of presenting some competent evidence that he was legally authorized to possess the cocaine, and he failed to meet this burden. See *People v Pegenau*, 447 Mich 278, 289-293 (MALLETT, J.), 307 (CAVANAGH, C.J.);

523 NW2d 325 (1994),    and MCL 333.7531; MSA 14.15(7531).

Finally, defendant argues that he is entitled to resentencing on three grounds. First, defendant argues that the sentencing court erred in failing to find substantial and compelling reasons to impose a sentence below the statutorily mandated twenty-year minimum sentence provided in MCL 333.7403(2)(a)(ii); MSA 14.15(7403)(2)(a)(ii). See MCL 333.7403(3); MSA 14.15(7403)(3). A trial court's determination regarding substantial and compelling reasons to depart from a statutorily mandated minimum sentence is reviewed for an abuse of discretion. See *People v Fields*, 448 Mich 58, 77; 528 NW2d 176 (1995). Our review of the record fails to disclose any substantial and compelling reasons for departure from the mandatory minimum sentence. See *People v Johnson (On Remand)*, 223 Mich App 170, 172-173; 566 NW2d 28 (1997) (indicating that deviations from mandatory sentences are appropriate only in exceptional cases). In fact, the record reveals that defendant had been involved in drug trafficking since 1985 and that his instant conduct amounted to an escalation of his involvement in trafficking. These are circumstances to which the mandatory minimum sentence was intended to apply. See *id.* at 172, and *Fields, supra* at 64. Accordingly, the trial court did not abuse its discretion in imposing the mandatory minimum sentence.

Second, defendant argues that the court erred in considering only two of the four sentencing considerations—deterrence, rehabilitation, punishment, and protection of society—set forth in *People v Snow*, 386 Mich 586; 194 NW2d 314 (1972). Our review of the

sentencing transcript reveals that the sentencing court gave no reasons for the sentence imposed but merely relied on the mandatory minimum sentence dictated by MCL 333.7403(2)(a)(ii); MSA 14.15(7403)(2)(a)(ii). A court's reliance on a statutorily required minimum sentence satisfies the articulation requirement, see *People v Poppa,* 193 Mich App 184, 190-191; 483 NW2d 667 (1992), and *People v Lawson,* 195 Mich App 76, 77-78; 489 NW2d 147 (1992), and there is no evidence that the trial court failed to consider relevant mitigating factors in sentencing defendant. See also *People v Girardin,* 165 Mich App 264, 268; 418 NW2d 453 (1987), and *People v Davis,* 181 Mich App 354, 360; 448 NW2d 842 (1989) (indicating that a failure to comment on each of the *Snow* factors does not destroy the propriety of the sentencing court's rationale). No abuse of discretion occurred.

Third, defendant argues that the mandatory minimum sentence of twenty years dictated by MCL 333.7403(2)(a)(ii); MSA 14.15(7403)(2)(a)(ii) violates the federal constitutional protection against cruel and unusual punishment. Defendant's argument must fail, however, because it was previously rejected by this Court in *People v DiVietri,* 206 Mich App 61, 63-65; 520 NW2d 643 (1994).[2] Affirmed.

---

[2] We note that *DiVietri* involved a challenge to MCL 333.7403(2)(a)(ii); MSA 14.15(7403)(2)(a)(ii) on *state* constitutional grounds, whereas in the instant case defendant challenges the statute on *federal* constitutional grounds. *DiVietri* nonetheless compels a rejection of defendant's argument, however, because the federal constitutional prohibition against "cruel and unusual" punishment, US Const, Am VIII, affords *lesser* protection than the state constitutional prohibition against "cruel or unusual" punishment, Const 1963, art 1, § 16. See *Carlton v Dep't of Corrections,* 215 Mich App 490, 505; 546 NW2d 671 (1996). In other words, if MCL 333.7403(2)(a)(ii); MSA 14.15(7403)(2)(a)(ii) passes muster under the state

FITZGERALD, J., concurred.

O'CONNELL, J. (*concurring*). I concur in the majority opinion insofar as it affirms defendant's sentence and concludes that there was sufficient evidence to support defendant's conviction. I also concur in the result of the majority opinion in affirming the trial court's denial of defendant's motion to suppress. However, I do so on alternative reasoning. I conclude that the search warrant issued in this case was not founded on probable cause. I would nonetheless affirm the denial of defendant's motion to suppress because the police relied, in good faith, on a facially valid search warrant. For the reasons I set forth in *People v Hellis*, 211 Mich App 634, 646-649; 536 NW2d 587 (1995), I again urge the adoption in Michigan of the good-faith exception to the exclusionary rule.

### I. THE MAJORITY'S "DRUG DEALER" EXCEPTION TO THE PROBABLE CAUSE REQUIREMENT

Both the United States and Michigan Constitutions protect citizens against unreasonable searches and require that all search warrants be based on probable cause, supported by oath or affirmation. US Const, Am IV; Const 1963, art 1, § 11. Probable cause is not easily defined. See *Ornelas v United States*, 517 US 690, 695; 116 S Ct 1657; 134 L Ed 2d 911 (1996); *People v Russo*, 439 Mich 584, 608; 487 NW2d 698 (1992). It "is a fluid concept—turning on the assessment of probabilities in particular factual contexts—not readily, or even usefully, reduced to a neat set of legal rules." *Illinois v Gates*, 462 US 213, 232; 103 S Ct

---

constitution, then it necessarily passes muster under the federal constitution.

2317; 76 L Ed 2d 527 (1983). Thus, the totality of the circumstances must be considered. *Id.* at 230-231; *Russo, supra* at 608.

Although it is difficult to articulate precisely what constitutes probable cause, it is clear that mere suspicion is insufficient. *Wong Sun v United States*, 371 US 471, 479; 83 S Ct 407; 9 L Ed 2d 441 (1963); *People, ex rel Attorney General v Lansing Municipal Judge*, 327 Mich 410, 425; 42 NW2d 120 (1950); *People v Pitts*, 40 Mich App 567, 579; 199 NW2d 271 (1972); *United States v Smith*, 182 F3d 473, 477 (CA 6, 1999). Probable cause to search has been described as existing where a reasonably prudent person, considering all the known facts and circumstances, would be justified in believing that contraband or evidence of a crime will be found. *Ornelas, supra* at 696. Additionally, in order for probable cause to exist to search a particular place, a sufficient nexus must be shown between the place to be searched and the suspected evidence of criminal activity. *United States v Swaggerty*, 8 F Supp 2d 975, 977 (ED Mich, 1998). See also *Russo, supra* at 606-607 ("[P]robable cause exists when a person of reasonable caution would be justified in concluding that evidence of criminal conduct is *in the stated place to be searched.*") (emphasis added); *People v Dowdy*, 211 Mich App 562, 568; 536 NW2d 794 (1995) ("Probable cause to search is concerned with whether certain identifiable objects are probably to be found at the present time *in a certain identifiable place.*") (emphasis added).

An illustrative case is *United States v Schultz*, 14 F3d 1093, 1097-1098 (CA 6, 1994), where the court held that no probable cause existed to search safe-deposit boxes belonging to the defendant, even where

the police had probable cause to search the defendant's residence for evidence of narcotics trafficking and the police officers' training and experience indicated to them that it was common for drug dealers to keep records of drug distribution in safe-deposit boxes. The court concluded that the police had nothing more than a guess that evidence of criminal activity would be found in the boxes. *Id.* The court specifically held that a search of property merely because it is "owned, rented, or otherwise used by a criminal suspect [is] just the type of broad warrant the Fourth Amendment was designed to foreclose." *Id.* at 1098.

In the instant case, the only nexus between the defendant's residence and the suspected criminal activity was simply that defendant lived there. This is insufficient. Simply establishing probable cause to believe that a person has engaged in criminal activity does not automatically provide the requisite nexus between that criminal activity and the person's home. "[P]hysical entry of the home is the chief evil against which the wording of the Fourth Amendment is directed . . . ." *United States v United States District Court,* 407 US 297, 313; 92 S Ct 2125; 32 L Ed 2d 752 (1972). The fact that a homeowner is suspected of criminal activity, alone, is not enough justification to allow the drastic intrusion of a search of the home. "The critical element in a reasonable search is not that the owner of the property is suspected of crime but that there is reasonable cause to believe that the specific 'things' to be searched for and seized are located on the property to which entry is sought." *Zurcher v Stanford Daily,* 436 US 547, 556; 98 S Ct 1970; 56 L Ed 2d 525 (1978).

The majority emphasizes the fact that defendant lied to the police about where he lived, concluding that this bolstered the inference that evidence of drug trafficking would be found at his residence. However, the underlying inference is flawed, as discussed above. Simply because defendant lied about where he lived did not supply the requisite nexus between the suspected evidence and defendant's residence. Although deliberately furtive behavior is one factor to consider in determining whether probable cause exists, *Sibron v New York*, 392 US 40, 66-67; 88 S Ct 1889; 20 L Ed 2d 917 (1968), such behavior does not, by itself, supply the requisite nexus in this case. The other circumstances listed in the affidavit did not set forth sufficient facts to create a link between the suspected criminal activity and defendant's residence. Absent such other facts, the most that can be said about defendant's lie is that it raises a suspicion concerning his residence. However, mere suspicion is not enough.

The majority relies on *People v Darwich*, 226 Mich App 635; 575 NW2d 44 (1997), in which this Court held that probable cause existed to search the defendant's residence where the affidavit contained information that the defendant was involved in the distribution of marijuana from his place of business, that no significant quantity of marijuana was found there, and that the affiant's experience in law enforcement led him to believe that drug dealers commonly store drugs at one location and distribute them from another. The majority acknowledges that, in *Darwich*, the affiant provided a specific connection between the defendant's residence and evidence of drug trafficking, based on the affiant's law enforcement expe-

rience that drug dealers store drugs somewhere different from the point of distribution. There was no such statement by the affiant in the instant case. The majority dismisses this distinction, insisting that the magistrate was free to make the inference on his own. However, this ignores the fact that the nexus to another location in *Darwich* was based on the affiant's law enforcement experience. This was one of the totality of the facts to be considered by the magistrate. The magistrate is not free to consider facts not contained in the affidavit. I find *Darwich* to be distinguishable from the instant case.

Although *Darwich* is not controlling here, I note my grave concerns about allowing police officers to obtain a warrant to search the residences of drug dealers simply by stating in the affidavit that their experience leads them to believe that drug dealers commonly keep drugs at their residences.[1] This comes close to carving out a "drug dealer" exception to the requirement that probable cause exist to connect suspected criminal activity with a particular place. Simply because a criminal lives at the location is not enough. Likewise, simply because contraband is found in a vehicle, as in the instant case, does not allow the police to search the vehicle owner's residence. Before the police may search a home, they must demonstrate a sufficient nexus between that particular home and the suspected criminal activity.

---

[1] The federal courts are divided on this issue. Some courts have upheld search warrants based on the affiant's experience that drug activity is commonly found at the residences of drug dealers. Other courts have held that allowing a search of a home on this basis is repugnant to the Fourth Amendment. See, e.g., *Schultz, supra; United States v Feliz*, 182 F3d 82, 88 (CA 1, 1999); *United States v Rosario*, 918 F Supp 524, 530-531 (D RI, 1996), and cases cited therein.

In short, mere suspicion does not constitute probable cause. In this case, the officers had little more than mere suspicion. The fact that a suspected drug dealer lives at a particular location does not provide a sufficient nexus between that location and the suspected criminal activity to justify a search. Therefore, I conclude that the search warrant in this case was not supported by probable cause. Nonetheless, I would affirm the denial of defendant's motion to suppress because the police were relying, in good faith, on a facially valid search warrant.

## II. THE GOOD-FAITH EXCEPTION TO THE EXCLUSIONARY RULE

The exclusionary rule, because it prevents the consideration of probative evidence, "imposes significant costs: it undeniably detracts from the truthfinding process and allows many who would otherwise be incarcerated to escape the consequences of their actions." *Pennsylvania Bd of Probation & Parole v Scott*, 524 US 357, 364; 118 S Ct 2014; 141 L Ed 2d 344 (1998). See also *People v Stevens (After Remand)*, 460 Mich 626, 645; 597 NW2d 53 (1999) (Courts must sparingly exclude material evidence because to do so "would interfere with the function of a criminal trial, which [is] the determination of the truth or falsity of the charges."). Therefore, the exclusionary rule should be applied only where it advances its purpose of deterring future unlawful police misconduct. *Illinois v Krull*, 480 US 340, 347; 107 S Ct 1160; 94 L Ed 2d 364 (1987).

The United States Supreme Court recognized, sixteen years ago, a good-faith exception to application of the exclusionary rule where the police rely, in good faith, on a search warrant later determined to

be lacking in probable cause. *United States v Leon*, 468 US 897, 922; 104 S Ct 3405; 82 L Ed 2d 677 (1984). The rationale for this exception is that applying the exclusionary rule remedy in such a situation does not further the objectives of the rule—namely, the deterrence of police misconduct. *Id.* at 916, 921; *Hellis*, *supra* at 648. Accordingly, it is undeniably clear that suppression of the evidence in this case is not mandated under the Fourth Amendment.

Moreover, the Michigan Constitution provides no greater protection than does the United States Constitution, absent compelling reasons. *People v Levine*, 461 Mich 172, 178; 600 NW2d 622 (1999); *People v Collins*, 438 Mich 8, 25; 475 NW2d 684 (1991). I reiterate my view that "[t]he language and history of Const 1963, art 1, § 11 provide no justification for rejecting application of the good-faith exception to the exclusionary rule where, as here, the police presented their information in support of a determination of probable cause, wholly untainted by any improper police conduct, to a neutral and detached magistrate, a member of the judicial branch." *Hellis, supra* at 649.[2]

For these reasons, as well as those I set forth in *Hellis, supra*, I would apply the good-faith exception to the exclusionary rule in this case. Accordingly, I concur in affirming the trial court's denial of defendant's motion to suppress.

---

[2] Only one case decided after November 1, 1990, has refused to recognize the good-faith exception to the exclusionary rule. MCR 7.215(H)(1). However, that case is distinguishable because it involved direct police misconduct—a warrant to search the defendant's residence was based on evidence seized from an illegal search of the defendant's person without a warrant. *People v Hill*, 192 Mich App 54, 56; 480 NW2d 594 (1991). See *Hellis, supra* at 647, distinguishing *Hill, supra*.