# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

      Plaintiff-Appellee,

v

DAMESHIO DONRAY FULLER, also known as
DAMESHIO DEVONTE FULLER,

      Defendant-Appellant.

UNPUBLISHED
October 17, 2017

No. 332794
Genesee Circuit Court
LC No. 15-037470-FC

Before: SHAPIRO, P.J., and HOEKSTRA and M. J. KELLY, JJ.

PER CURIAM.

Defendant appeals by leave granted[1] his plea-based convictions of unarmed robbery, MCL 750.530, carrying a concealed weapon (CCW), MCL 750.227, and assault with a dangerous weapon (felonious assault), MCL 750.82. The trial court sentenced defendant to 84 to 180 months' imprisonment for the unarmed robbery conviction, 29 to 60 months' imprisonment for the CCW conviction, and 23 to 48 months' imprisonment for the felonious-assault conviction. Because defendant is not entitled to resentencing and he was not deprived of the effective assistance of counsel, we affirm.

Defendant's convictions arise from his robbery of a Dollar General store in Flint on June 19, 2014. On that date, defendant went into the store on three occasions in a short period of time and he made three separate purchases. During his third visit to the store, defendant pointed a gun at two workers in the store and he stole money from a cash register. He left behind a can of lemonade, and he was identified from DNA extracted from the can. On October 19, 2015, defendant pleaded no-contest to unarmed robbery, CCW, and felonious assault, in exchange for which the prosecutor agreed to reduce armed robbery, MCL 750.529, to unarmed robbery, and to dismiss a count of felony-firearm, MCL 750.227b, as well as charges in two other cases. The trial court sentenced defendant as noted above. Defendant now appeals by leave granted.

## I. SCORING ISSUES

---

[1] *People v Dameshio Donray Fuller*, unpublished order of the Court of Appeals, entered June 17, 2016 (Docket No. 332794).

On appeal, defendant argues that OV 4 was improperly scored because the record was insufficient to conclude that either victim sustained a serious psychological injury requiring professional treatment. Additionally, defendant contends that he is entitled to a remand for reconsideration of his sentence under *Lockridge*[2] because facts supporting the scoring of OV 4 were not admitted by defendant or found by the jury.

We begin by addressing defendant's "evidentiary challenge,"—namely, his assertion that the evidence did not support the scoring of OV 4. See *People v Biddles*, 316 Mich App 148, 156-158; 896 NW2d 461 (2016).

> Under the sentencing guidelines, the circuit court's factual determinations are reviewed for clear error and must be supported by a preponderance of the evidence. Whether the facts, as found, are adequate to satisfy the scoring conditions prescribed by statute, i.e., the application of the facts to the law, is a question of statutory interpretation, which an appellate court reviews de novo. [*People v Hardy*, 494 Mich 430, 438, 835 NW2d 340 (2013).]

OV 4 addresses "psychological injury to a victim." MCL 777.34(1). Specifically, 10 points must be assessed when "[s]erious psychological injury requiring professional treatment occurred to a victim." MCL 777.34(1)(a). In assessing OV 4, "[t]he fact that the victim did not seek professional treatment is not conclusive when scoring the variable." *People v Lockett*, 295 Mich App 165, 182-183; 814 NW2d 295 (2012), citing MCL 777.34(2). Instead, 10 points should be scored "if the serious psychological injury *may* require professional treatment." MCL 777.34(2) (emphasis added). For example, "[t]he trial court may assess 10 points for OV 4 if the victim suffers, among other possible psychological effects, personality changes, anger, fright, or feelings of being hurt, unsafe, or violated." *People v Armstrong*, 305 Mich App 230, 247; 851 NW2d 856 (2014). In scoring the sentencing guidelines, courts may consider the entire record, including the presentence investigation report, a defendant's admission at the plea examination or trial, and evidence introduced during a preliminary examination or trial. *People v Johnson*, 298 Mich App 128, 131; 826 NW2d 170 (2012). Courts may also look to the victim's impact statement. *People v Earl*, 297 Mich App 104, 109-110; 822 NW2d 271 (2012), aff'd 495 Mich 33 (2014).

In this case, one of the victims testified at the preliminary examination that she was "terrified" during the robbery. Additionally, she provided a victim impact statement, describing the psychological effects of defendant's conduct as follows:

> I was very scared, nervous, and afraid for my life, I felt my heart dropped [sic] down to my feet. I thought I was going to die, and that would be the last time I would see my son and my family. This crime has made me feel more cautious and nervous around people. It's hard for me to relax in public places, even now.

---

[2] *People v Lockridge*, 498 Mich 358; 870 NW2d 502 (2015).

Relying on this statement, during sentencing, the trial court concluded:

> Well first of all we all recognize that these guidelines are advisory. But secondly, when the victim says it's hard for [her] to relax in public places, that sounds like some kind of psychological injury, so we'll score [OV 4] as a 10.

The trial court's findings were not clearly erroneous. The victim described feeling "terrified," "scared," and "afraid for her life" during the robbery, and evidence that a victim is fearful during the offense can be sufficient to support the scoring of OV 4. *People v Williams*, 298 Mich App 121, 124; 825 NW2d 671 (2012). Even more compelling, the victim also described lasting psychological changes continuing after the robbery, including increased nervousness and cautiousness around people as well as difficulty relaxing in public. Given the victim's description of her terror and psychological changes, the trial court did not clearly err by concluding that the victim suffered a serious psychological injury which may require professional treatment. MCL 777.34(2). Thus, the trial court properly scored OV 4 at 10 points. MCL 777.34(1)(a).

There is also no merit to defendant's constitutional challenge, i.e., his assertion that a remand is required in light of judicial fact-finding. See *Biddles*, 316 Mich App at 156-162. In *Lockridge*, the Court determined that the legislative sentencing guidelines were constitutionally deficient to the extent "the guidelines *require* judicial fact-finding beyond facts admitted by the defendant or found by the jury to score [OVs] that *mandatorily* increase the floor of the guidelines minimum sentence range." *Lockridge*, 498 Mich at 364. "*Lockridge* remedied this constitutional violation by making the guidelines *advisory,* not by eliminating judicial fact-finding." *Biddles*, 316 Mich App at 158. Indeed, even after *Lockridge*, the trial court is required to assess the highest number of points possible for all OVs, "whether using judge-found facts or not." *Lockridge*, 498 Mich at 392 n 28. It follows that the trial court in this case properly engaged in fact-finding to score the OVs, *id.*; and this judicial fact-finding has no constitutional consequences given that the trial court also properly recognized that the guidelines were merely "advisory." See *Biddles*, 316 Mich App at 160-161. Defendant's scoring challenges are without merit.

## II. LENGTH OF DEFENDANT'S SENTENCES

On appeal, defendant also argues that his sentences are unconstitutional. Defendant asserts that, under *Lockridge*, the trial court was required to justify the "reasonableness" of the sentences imposed. And, according to defendant, the trial court erred by refusing to consider mitigating factors, such as defendant's age, his remorse for his crimes, "strong family support," and a history of substance abuse that "likely" resulted in mental illness and poor impulse control. Defendant also claims he is entitled to an assessment of his rehabilitative potential. Absent express consideration of mitigating factors and his rehabilitative potential, defendant maintains that the trial court sentenced him based on inaccurate and incomplete information. If these factors are considered, defendant contends that the trial court should have departed downward from the guidelines. Ultimately, defendant asserts that his sentences are "excessive" under state and federal principles. Alternatively, defendant argues that his defense attorney provided ineffective assistance by failing to challenge the length of his sentence in the trial court.

These various sentencing challenges are unpreserved, meaning that our review is for plain error affecting defendant's substantial rights. *People v Meshell*, 265 Mich App 616, 638; 696 NW2d 754 (2005). With respect to defendant's ineffective assistance claim, because an evidentiary hearing has not been held, our review is limited to mistakes apparent on the record. *People v Putman*, 309 Mich App 240, 246; 870 NW2d 593 (2015).

Following *Lockridge*, "[a] sentence that departs from the applicable guidelines range will be reviewed by an appellate court for reasonableness." *Lockridge*, 498 Mich at 392. Conversely, "[w]hen a trial court does not depart from the recommended minimum sentencing range, the minimum sentence must be affirmed unless there was an error in scoring or the trial court relied on inaccurate information." *People v Schrauben*, 314 Mich App 181, 196; 886 NW2d 173 (2016), citing MCL 769.34(10). In other words, sentences falling within the minimum sentencing guidelines range are "presumptively proportionate." *People v Jackson*, __ Mich App __, __; __ NW2d __ (2017) (Docket No. 332307); slip op at 8. And, "a proportionate sentence is not cruel or unusual."[3] *People v Bowling*, 299 Mich App 552, 558; 830 NW2d 800 (2013). "In order to overcome the presumption that [a] sentence is proportionate, a defendant must present unusual circumstances that would render the presumptively proportionate sentence disproportionate." *Id.* (citation omitted).

In this case, defendant was sentenced to a minimum term of 84 months, which is within the minimum guidelines range of 43 to 86 months. Because defendant's sentence is within the minimum guidelines, it is presumed proportionate. MCL 769.34(10); *Jackson*, slip op at 8.

Nevertheless, defendant offers a variety of challenges to the sentence imposed. First, he appears to fault the trial court for failing to explain the "reasonableness" of the sentence imposed. "A trial court must articulate its reasons for imposing a sentence on the record at the time of sentencing." *People v Conley*, 270 Mich App 301, 312; 715 NW2d 377 (2006). However, this articulation requirement is satisfied when, as in this case, the defendant is sentenced within the guidelines range and "it is clear from the context of the remarks preceding the sentence that the trial court relied on the sentencing guidelines." *Id.* at 313. See also *People v Nunez*, 242 Mich App 610, 618; 619 NW2d 550 (2000). Nothing more was required. Yet, we note that the trial court did articulate more specific reasons for the sentence based on the offense and the offender, explaining that defendant's conduct was indicative of "planning," not merely an "impulsive act," and that defendant was a "risk to our community" in light of the current offenses as well as another recent robbery. There is no merit to defendant's articulation argument.

Second, defendant also asserts that the trial court failed to consider mitigating factors. However, as defendant concedes, the trial court was not required to expressly consider mitigating factors at sentencing. *Johnson*, 309 Mich App at 34; *Nunez*, 242 Mich App at 618. In any event, the record does not support defendant's claim that the trial court refused to consider mitigating

---

[3] Although not expressly stated by defendant, part of his argument appears to be the contention that the sentences imposed are cruel or unusual. Cf. *People v Johnson*, 309 Mich App 22, 35; 866 NW2d 883 (2015), vacated in part on other grounds, 497 Mich 1042 (2015).

factors. As evident from the trial court's remarks, it is obvious that the trial court was aware of the relevant information when sentencing defendant. Cf. *People v Lee*, 243 Mich App 163, 187; 622 NW2d 71 (2000). For instance, the trial court reviewed the presentence investigation report, which contained mitigating and aggravating factors, such as defendant's age, family history, mental health, substance abuse history, and defendant's admission that he was high when he committed the instance offenses. Further, defendant made his statement of "remorse" at sentencing. Clearly, the trial court was aware of this information when sentencing defendant.

Cognizant of this information, the trial court nevertheless determined that a sentence within guideline range was appropriate. The trial court recognized that defendant was 22-years-old; but, based on defendant's conduct, the trial court reasoned that defendant had reached an age where he had "stable sense that causes you to plan a crime ahead of time." The court found that the crime here was "planned" and it "was not an impulsive act merely." Moreover, the trial court determined that, in light of his behavior, defendant posed a "risk" to the community. In short, the trial court was aware of the allegedly mitigating factors which defendant has identified, and the court nevertheless determined that a sentence within the guideline range was appropriate.[4]

Overall, defendant has failed to establish plain error, and he has not presented unusual circumstances which suggest that his presumptively proportionate sentence is disproportionate. *Bowling*, 299 Mich App at 558. His proportionate sentence was not cruel or unusual. *Id.* Thus, because defendant was sentenced within the recommended range under the advisory sentencing guidelines, his sentence must be affirmed. MCL 769.34(10); *Jackson*, slip op at 8.

Given that defendant's sentencing claims are without merit, it follows that defense counsel did not provide ineffective assistance by failing to raise these meritless challenges to defendant's sentence in the trial court. See *People v Ericksen*, 288 Mich App 192, 201; 793 NW2d 120 (2010).

---

[4] Contrary to defendant's argument, the trial court was not required to order an assessment of defendant's rehabilitative potential. *Johnson*, 309 Mich App at 35. There is also no merit to defendant's assertion that the expression of remorse entitles him to an automatic sentencing reduction. His argument is premised on the Federal Sentencing Guidelines, which do not control sentencing in Michigan. See *People v Steanhouse*, __ Mich __, __: __ NW2d __ (2017) (Docket No. 152671); slip op at 10. More generally, to the extent defendant contends that the trial court relied on information that was inaccurate, he fails to identify any inaccurate information and instead merely asserts that the trial court failed to consider mitigating facts. As discussed, this argument is without merit. We note also that some of defendant's purportedly mitigating facts are simply unsupported factually, such as his assertion that he has family "support."

Affirmed.

/s/ Douglas B. Shapiro
/s/ Joel P. Hoekstra
/s/ Michael J. Kelly