*If this opinion indicates that it is "FOR PUBLICATION," it is subject to
revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

v

JOSEPH ALBERT POHL,

        Defendant-Appellant.

UNPUBLISHED
April 22, 2026
11:00 AM

No. 374816
Clinton Circuit Court
LC No. 2023-011506-FH

Before: TREBILCOCK, P.J., and BOONSTRA and LETICA, JJ.

PER CURIAM.

A jury convicted defendant of possessing methamphetamine in violation of MCL 333.7403(2)(b)(*i*). He challenges the sufficiency of the evidence supporting that conviction. We affirm.

## I. FACTUAL AND PROCEDURAL HISTORY

Clinton County Sheriff's Officers conducted a traffic stop of defendant's truck for having an improper license plate. During the stop, officers learned that defendant did not have a valid driver's license and that the truck was unregistered. The officers took defendant into custody and conducted an inventory search of the truck in preparation for towing it. That search revealed two packages of methamphetamine between the driver and passenger seats: one was contained in a glasses case tucked between the cushions of the passenger and middle seat, and the other was in a grocery bag near the middle seat's backrest, closer to the driver's seat. Each of the truck's occupants—defendant and his two passengers—denied possession.

In their subsequent investigation, law enforcement officials conducted a digital forensic investigation of defendant's phone. Two messages sent from defendant's phone six hours after the traffic stop are pertinent. In the first, he texted someone saying, "Hey my boy and me had to rescue a friend. Your shit is safe I'll be there as soon as I can. Kkk." He directed the second to another individual, stating: "Just be safe and throw that clear container out that's in the center console throw that away you don't need right around with that." Based on this and other evidence, a jury convicted defendant of possessing methamphetamine in violation of MCL 333.7403(2)(b)(*i*), and the trial court sentenced defendant as a fourth-offense habitual

-1-

offender, MCL 769.12, to 3 to 40 years' imprisonment, with jail credit for 304 days. Defendant appeals by right.

## II. ANALYSIS

The only issue on appeal is whether sufficient evidence supports defendant's conviction. This Court considers such a challenge de novo, reviewing "the evidence in a light most favorable to the prosecutor to determine whether any trier of fact could find the essential elements of the crime were proven beyond a reasonable doubt." *People v Xun Wang*, 505 Mich 239, 251; 952 NW2d 334 (2020). "Circumstantial evidence and the reasonable inferences that arise from that evidence can constitute satisfactory proof of the elements of the crime." *People v Blevins*, 314 Mich App 339, 357; 886 NW2d 456 (2016).

MCL 333.7403(2)(b)(*i*) prohibits a person from "knowingly or intentionally possess[ing] a controlled substance[.]" "A person need not have actual physical possession of a controlled substance to be guilty of possessing it. Possession may be either actual or constructive." *People v Hardiman*, 466 Mich 417, 421; 646 NW2d 158 (2002), quoting *People v Wolfe*, 440 Mich 508, 519-520; 489 NW2d 748 (1992). Defendant's conviction turns on whether he constructively possessed the methamphetamine discovered in his front seat.

"Constructive possession, which may be sole or joint, is the right to exercise control over the drug coupled with knowledge of its presence." *People v Cohen*, 294 Mich App 70, 76; 816 NW2d 474 (2011). "[A] person's presence, by itself, at a location where drugs are found is insufficient to prove constructive possession. Instead, some additional connection between the defendant and the contraband must be shown." *Hardiman*, 466 Mich at 421, quoting *Wolfe*, 440 Mich at 520. "Constructive possession exists when the totality of the circumstances indicates a sufficient nexus between the defendant and the controlled substance." *People v Meshell*, 265 Mich App 616, 622, 696 NW2d 754 (2005).

The prosecutor presented sufficient evidence for a rational juror to convict defendant of possessing methamphetamine. He owned the vehicle containing those unlawful substances discovered within his arm's reach, and "[c]lose proximity to contraband in plain view is evidence of possession." *Cohen*, 294 Mich App at 77, citing *Wolfe*, 440 Mich at 521. In addition, defendant sent two incriminating messages, referencing what they were stored in (a "clear container") and where (in "the center console"), advising something should be "throw[n] away," and asserting that another's "shit [wa]s safe." This "circumstantial evidence and [the] reasonable inferences" that can be drawn from it demonstrates defendant at the very least knowingly possessed methamphetamine. See *People v Nunez*, 242 Mich App 610, 615; 619 NW2d 550 (2000) (quotation marks and citation omitted).

Relying on the so-called "*Davenport* rule" from this Court's 1970's caselaw, defendant suggests that it was the prosecutor's burden to prove "there is no innocent theory possible" other than guilt. See, e.g., *People v Davenport*, 39 Mich App 252, 256; 197 NW2d 521 (1972). For example, he asserts his messages could have been unrelated to methamphetamine and that the other passengers possessed it instead of him. Supreme Court precedent forecloses this argument: *Hardiman* makes plain that "[t]he prosecution need not negate every reasonable theory consistent with the defendant's innocence, but need merely introduce evidence sufficient to convince a

-2-

reasonable jury in the face of whatever contradictory evidence the defendant may provide" and that more than one person can possess a controlled substance. 466 Mich at 421, 423-424 (quotation marks and citation omitted). Finally, we equally give no credence to defendant's argument that he was not the registered owner of the vehicle, that neither fingerprint nor DNA evidence were presented, and that there were no drug-sale proceeds on defendant's person—given the evidence of constructive possession as set forth above, those other factual issues are irrelevant to the singular legal question presented: was there sufficient evidence to establish defendant's constructive possession of the drugs.

## III. CONCLUSION

For these reasons, we affirm the trial court's judgment.

/s/ Christopher M. Trebilcock
/s/ Mark T. Boonstra
/s/ Anica Letica